## EDWARD ROBY

*v.*

## THE CALUMET AND CHICAGO CANAL AND DOCK COMPANY.

*Filed at Ottawa March 30, 1891.*

1. CHANCERY—*relief to complainant, under cross-bill.* On bill by a party to set aside a deed to two lots, only, as a cloud on title, and cross-bills by the defendants to redeem a tract of eighty acres, in which the lots were included, from a sale under a deed of trust, the court, in addition to the relief prayed in the original bill, confirmed the title in the complainant in the original bill to the entire tract, against persons who were not parties to that bill, and against whom no relief was prayed in the original bill: *Held*, that the decree granting the original complainant relief under the cross-bill was erroneous.

2. Where a decree is rendered under a cross-bill, giving the complainant the right to redeem from a trust deed, and a sale thereunder, upon the payment of the sum found to be due on the trust deed, by a day named, it is entirely competent for the court to further decree that upon failure of the complainant in the cross-bill to pay the amount required to redeem, his cross-bill to stand dismissed; but it is error for the court to go further, and assume to grant affirmative relief to the complainant in the original bill, as to land and against persons in respect of which his bill seeks no relief.

3. A complainant in an original bill can not have affirmative relief granted to him by virtue of anything contained in cross-bills filed, or upon his answer thereto, or against parties not defendants to the original bill, or in respect of property in regard to which no relief is sought in such bill.

4. PRACTICE—*after reversal and remandment—directions to be followed.* Where a decree is in all respects affirmed by this court, except in so far as it grants affirmative relief to a defendant in a cross-bill not asked in his original bill, but in that respect is reversed and the cause remanded, with directions to modify and amend the decree so as to conform to the opinion of this court, and on remandment the court amends its decree partially, but not to the extent indicated by this court in its opinion, the decree as amended will again be reversed and remanded, with directions to the court below to modify the same, as before directed.

APPEAL from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

19—137 Ill.

Mr. Wolfred N. Low, for the appellant.

Messrs. Cohrs & Green, for the appellee.

Mr. Justice Shope delivered the opinion of the Court:

This case was before us as *Bremer* v. *Calumet and Chicago Canal and Dock Co.*, and is reported in 127 Ill. 464, and a statement of facts will be there found.

By reference to the opinion then rendered, it will be seen that the decree was, upon the main issue, affirmed, but in so far as it assumed to give to the complainant in the original bill, the Calumet and Chicago Canal and Dock Company, affirmative relief, it was held to be erroneous.

We there, after holding that there was no error in the finding of facts, and decreeing in respect of the principal question involved, said: "The decree, however, directing Bremer to convey, and on his default the master in chancery to do so, and in assuming to give affirmative relief to the Calumet and Chicago Canal and Dock Company in other respects, is unauthorized. The decree, after directing the payment of the amount required to be paid to redeem, should then have concluded that in default of the complainants so doing the cross-bills be dismissed."

It was then ordered: "The decree is in all respects affirmed, except in so far as it assumes to give affirmative relief; but in that respect it is reversed, and the cause is remanded, with directions to modify and amend the decree to conform with the views herein expressed."

Upon remandment, the lower court amended its decree, by striking out the provision requiring Bremer to convey lots 1 and 2 in block 47 in Ironworkers' addition to South Chicago to the canal and dock company, and in default thereof that the master make such conveyance, but failed to make any other alterations or amendment.

The case is again brought to this court upon the appeal of Edward Roby, defendant to the amended cross-bill of William H. Colehour, and it is assigned for error that the court refused to amend and modify its decree to conform to the mandate of this court.

After permitting Bremer, William H. and Charles Colehour and Edward Roby to redeem from the trustee's sale under the Harris mortgage, upon payment of the amount then due thereon, and for taxes, etc., advanced, to be found by the master, and thereupon setting aside said trustee's sale and his deed, and satisfying said Harris trust deed, the decree provided: "And that in default of such payment of the amount of principal and interest due upon said notes, and the taxes, and assessments and interest thereon as aforesaid, the said sale by the said George W. Smith be and is in all respects confirmed, and the said Jacob Bremer, William H. Colehour, Charles W. Colehour and Edward Roby, and each of them, and all parties claiming any interest in said premises or any part thereof, by, through or under them or either of them, be forever barred and foreclosed of any and all right in said premises or equity of redemption therein, and the said premises described in said deed of trust, to-wit: The west half of the north-west quarter of section seventeen (17), township thirty-seven (37) north range fifteen (15), east of the third principal meridian in the county of Cook aforesaid, and said Ironworkers' subdivision of a part thereof shall thenceforth be vested in said Calumet and Chicago Canal and Dock Company, its successors and assigns, in fee simple, free and clear of all right and claim by way of equity of redemption or otherwise, of the said Jacob Bremer, William H. Colehour and Charles W. Colehour and Edward Roby, or either of them, or of any person or persons claiming by, through or under them, or either of them, and that they be estopped from setting up any claim, right, title or equity of redemption in said land, and the said Jacob Bremer shall, upon such failure so to pay as aforesaid, make, execute

and deliver to the said Calumet and Chicago Canal and Dock Company his deed conveying to said dock company the said lots one (1) and two (2) in block forty-seven (47) in said Iron-workers' addition, and upon the failure of said Jacob Bremer for the period of ten days after the expiration of the time of payment herein limited so to do, Edward J. Whitehead, master in chancery of this court, is directed to make such deed of said lots, which shall convey to said dock company all the right, title and interest of said Jacob Bremer in and to said lots derived through or under the said deed of said William H. Colehour to him, or through or under the deed of the said Calumet and Chicago Canal and Dock Company to the said Charles G. Harris."

The cause was then referred to a master to find and report the amount due under the trust deed and for advances. At a subsequent term the master reported the amount due to be $74,694.03. By stipulation of parties this amount was reduced by a payment made by Edward Roby, March 12, 1874, and which at the entry of final decree, June 28, 1886, amounted to $1100.83; leaving balance due the canal and dock company, $73,593.20.

The report of the master, with the deduction named was approved and the final decree proceeded:

"And it is further ordered, adjudged and decreed, that unless the persons entitled to redeem said premises shall pay to the said Calumet and Chicago Canal and Dock Company the said sum of money last above mentioned, with the interest thereon, within ninety days from this date, according to the tenor and effect of the decree entered in this case at the December term, A. D. 1885, of this court, then and thenceforth, from and after the expiration of said period of ninety days, the said persons, and each of them shall be absolutely and forever barred of and from all right and equity of redemption of, in and to all and singular the premises in said decree mentioned and described."

After the cause was remanded, the court, after reciting the remanding order, and referring to said former decree, entered the following order:

"And the following portion of said decree directing Jacob Bremer to convey, and on his default the master in chancery so to do, is stricken out of said decree, to-wit:

"And the said Jacob Bremer shall, upon failure so to pay as aforesaid, make, execute and deliver to the said Calumet and Chicago Canal and Dock Company, his deed conveying to said dock company the said lots one (1) and two (2) in block forty-seven (47) of said Ironworkers' addition; and upon the failure of the said Jacob Bremer for the period of ten days after the expiration of the time of payment herein limited to do so, Edward J. Whitehead, master in chancery of this court, is directed to make such deed of said lots, which shall convey to said dock company all the right, title and interest of said Jacob Bremer in and to said lots, derived through or under the said deed of said William H. Colehour to him, or through or under the deed of said Calumet and Chicago Canal and Dock Company to the said Charles G. Harris."

It is apparent from the foregoing that so much of the decree as confirms the sale made by Smith, trustee, under the Harris trust deed, bars and forecloses the equity of redemption of Edward Roby and others, and assumes to vest in the canal and dock company in fee simple, free and clear of all "right and claim by way of equity of redemption or otherwise" of Bremer, the Colehours, Edward Roby, and those claiming under them, or either of them, in and to the whole eighty-acre tract of land described, and estops them, (Colehour, Bremer and Roby,) from setting up any claim, right, title or equity of redemption in said land, is not stricken out of the decree amended in respect thereof. It is equally clear that the decree assumed, as it remains, to quiet and confirm the title to the west half of the north-west quarter of section 17, township 37, range 15, east of the third principal meridian, in the com-

plainant in the original bill, the Calumet and Chicago Canal and Dock Company, as against all claims of Bremer, the two Colehours and Roby.

In and by its original bill, the complainant sought relief only as to lots 1 and 2, in block 47, in Ironworkers' addition to South Chicago, which was a small part of the subdivision of sixty acres of said eighty-acre tract. It was therein alleged that the plat of Ironworkers' addition, etc., and the deed from Colehour to Bremer, were severally made and recorded before the deed from Smith, trustee, to complainant, and that the deed to Bremer depreciated the value, and would tend to prevent the sale by complainant of said lots 1 and 2; The prayer was that Bremer be required to answer, and that upon hearing the deed from Colehour to Bremer be set aside and declared void, as a cloud upon complainant's title to said lots and for general relief. Bremer was the sole defendant. He answered and filed his cross-bill against the canal and dock company and William H. Colehour. Colehour answered the cross-bill and filed his cross-bill making the canal and dock company, Bremer, Charles W. Colehour and Edward Roby, defendants. These defendants severally answered the respective cross-bills.

The scope and purpose of the cross-bill of Colehour, was treated on the former appeal as a bill to redeem from the Harris trust deed and the sale and deed of Smith, trustee, thereunder, which by the decree was allowed.

The complainant in the original bill, can not have the affirmative relief granted it by virtue of anything contained in the cross-bills, or upon its answer thereto, or against parties not defendant to its original bill, or in respect of property in regard to which no relief is sought by its bill.

The court by its decree, assumed to confirm the title in the complainant in the original bill to the eighty-acre tract of land, upon a bill which sought simply to set aside Bremer's deed to lots 1 and 2 in block 47 of the addition platted thereon, and against persons who were not parties to the original

bill, and against whom there is no prayer for relief. This was on the former appeal held to be erroneous, and it was ordered that upon remandment, the decree be made to conform to the views in that opinion expressed. That is, that so much of the decree as required Bremer to convey lots 1 and 2 aforesaid, and in default thereof that the master do so, and in assuming to give the Calumet and Chicago Canal and Dock Company affirmative relief in any other respect, be reversed, and it was said: "The decree after directing the payment of the amount required to be paid to redeem, should then have concluded, that in default of complainants (in the cross-bills) so doing, the cross-bills be dismissed." It was entirely competent for the court to decree that upon failure of the complainants in the cross-bills to pay the amount required by its decree to redeem, they take nothing under or by virtue of their said cross-bills. But it is apparent that the court has gone further, and as before said, assumed to grant affirmative relief to the complainant in the original bill, not only as to land in respect of which no relief was asked, but against parties in respect of whom no relief was prayed.

The amended decree is reversed in so far as it assumes to give affirmative relief to the complainant in the original bill, the Calumet and Chicago Canal and Dock Company, and the cause is again remanded to the Superior Court with directions to conform its decree to the mandate of this court on the former appeal. This may be done by proper order, striking out all that portion of the decree assuming to give affirmative relief to the complainant in the original bill, as hereinbefore indicated, and so reforming the decree, as that, upon default in the payment of the amount necessary to redeem, as provided in the decree, the several cross-bills be dismissed. In all other respects the decree is affirmed.

*Decree reversed in part and in part affirmed.*