EDWARD ROBY

*v.*

CALUMET AND CHICAGO CANAL AND DOCK COMPANY.

*Filed at Ottawa October 29, 1894.*

APPEAL—*not error for trial court to obey mandate of higher court.* A party cannot complain that a decree of the lower court, conforming to the mandate of an Appellate Court upon a former hearing, injuriously affects him, as, if such mandate was erroneous, he should have applied for a rehearing, or otherwise called the attention of the Appellate Court to the matter complained of.

APPEAL from the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

EDWARD ROBY, (*pro se,*) and WOLFRED N. LOW, for appellant.

COHRS & GREEN, and SAMUEL A. LYNDE, for appellee.

WILKIN, C. J.:    This case has been three times before this court. (123 Ill. 104; 127 id. 464; 137 id. 289.) The first and second opinions filed contain full statements of the case.    The first case was dismissed for want of jurisdiction.    In the second case the decree of the trial court was reversed in part, and the cause was remanded with directions to modify the decree as therein expressed.    In the last case it was held that the decree had not been modified to conform to the directions given, and it was again reversed and remanded, with directions to the lower court to modify its decree so as to conform to the directions formerly given.    The cause was re-instated and a modified decree entered in the trial court, and the case is again brought here by Edward Roby, a defendant in one of the cross-bills, upon the contention that the decree does not now conform to the directions given by this court as to its terms.    This is the only question presented by this appeal.

The Calumet and Chicago Canal and Dock Company filed its bill against one Bremer to remove a cloud upon the title of complainant to lots 1 and 2, in block 47, Iron-workers' addition to the village of Hyde Park.    Its title was derived through a sale under a power in a mortgage or trust deed.    Bremer answered, and filed a cross-bill making William Colehour a defendant.    William Colehour answered, and filed a cross-bill making the company, Bremer, Charles W. Colehour and Edward Roby, appellant here, parties defendant.    The parties to the cross-bills, except the canal and dock company, claimed a right of redemption from the mortgage sale under which the company held title.

The original decree, in effect, found that Bremer, the two Colehours and Roby had the right of redemption;

found the amount to be paid; directed payment thereof within a specified time, and in default of such payment directed that Bremer should convey the lots to the Calumet and Chicago Canal and Dock Company, and that in case of his failure to so convey, the master in chancery should make conveyance. In case of failure to pay the amount found due, the decree also forever barred the parties named of all right of redemption, and confirmed the title of the canal and dock company to the premises. The original bill asked no affirmative relief except a removal of the cloud from complainant's title, and when the decree came before us we said: "The decree, however, directing Bremer to convey, and on his default the master in chancery to do so, and in assuming to give affirmative relief to the Calumet and Chicago Canal and Dock, Company in any other respect, is unauthorized." The opinion concluded by saying: "The decree is in all respects affirmed, except in so far as it assumes to give affirmative relief, but in that respect it is reversed and the cause remanded to the court below, with directions to that court to modify and amend the decree to conform to the views herein expressed." When the case again came up the decree had been amended by striking out the provision requiring Bremer to convey lots 1 and 2, in block 47, in Ironworkers' addition, and in default thereof that the master in chancery make conveyance to the Calumet and Chicago Canal and Dock Company, but failed to make any other alterations or amendment. The decree still confirmed the sale under the mortgage or trust deed, and barred and foreclosed the equity of redemption of Roby and others. This court then said: "The complainant in the original bill cannot have the affirmative relief granted it by virtue of anything contained in the cross-bills, or upon its answer thereto, or against parties not defendant to its original bill, or in respect of property in regard to which no relief is sought by its bill." (137 Ill. 289.) In disposing of the case on that appeal we said: "The

amended decree is reversed, in so far as it assumes to give affirmative relief to the complainants in the original bill, the Calumet and Chicago Canal and Dock Company, and the cause is again remanded to the Superior Court, with directions to conform its decree to the mandate of this court on the former appeal. This may be done by proper order, striking out all that portion of the decree assuming to give affirmative relief to the complainant in the original bill, as hereinbefore indicated, and so reforming the decree as that, upon default in the payment of the amount necessary to redeem, as provided in the decree, the several cross-bills be dismissed. In all other respects the decree is affirmed." The decree was amended by striking out all that portion of the decree which confirmed the former sale, and which barred Bremer, the Colehours and Roby of the right of redemption in case of failure to redeem within the time specified in the decree, and which estopped them from claiming any right, title or equity in the premises and required Bremer to convey to the canal and dock company, and inserted in lieu thereof an order that in case of such default of payment the cross-bills should be dismissed.

We have carefully examined the terms of the decree, and are satisfied that it conforms to the mandates of this court upon the former hearings. That being so, appellant can not now be heard to complain that the decree injuriously affects him. If the directions of the court were erroneous, he should have applied for a rehearing, or otherwise called the attention of the court to the matters complained of. Questions which might then have been raised can not be considered now. However, we are satisfied with the decisions heretofore rendered in the case, and that there is no error in them in the respects urged by appellant.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*