THE ESTATE OF JACOB GUYER, deceased,

*v.*

GEORGE G. CALDWELL.

|189    581|
|s98a    233|

*Opinion filed April 18, 1901.*

1. APPEALS AND ERRORS—*when more than $1000 is involved—finality of judgment.* If a claim against an estate for $950 is disallowed by the probate court, but on an appeal to the circuit court other items are added, making the claim $1010, which is disallowed except as to $25, and an appeal is taken to the Appellate Court by the claimant, who assigns as error the action of the circuit court in not allowing the entire claim, more than $1000 is involved, and an appeal will lie from the judgment of the Appellate Court reversing the circuit court's judgment and remanding the cause, with directions to the lower court to allow the claim to the amount of $950 and enter judgment therefor, and for such other proceedings as to law and justice shall appertain.

2. SAME—*when Appellate Court is powerless to direct entry of judgment.* The waiver of a jury trial in the circuit court upon appeal from an order of the probate court disallowing a claim at law against an estate does not extend to a second trial, so as to authorize the Appellate Court, upon reversing the judgment of the circuit court, to direct entry of judgment for the claimant for a certain sum.

*Caldwell* v. *Estate of Jacob Guyer,* 89 Ill. App. 110, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

JAMES H. SEDGWICK, for appellant.

NEWTON WYETH, and JAS. A. CAMERON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The appellee filed a claim in the probate court of Peoria county against the estate of Jacob Guyer, deceased, as follows: "To services rendered· as per agreement dated September 1, 1894, by and between Dan R. Sheen and said Jacob Guyer, for benefit of George G. Caldwell, $950." The claim was disallowed by the probate court

and the claimant appealed to the circuit court of that county. In the latter court he amended his claim by adding to the original certain items amounting to $60, making the whole amount $1010. On the trial, a jury being waived, the claimant introduced evidence tending to prove each of the several items of his claim, and the defendant offered some proof to establish a set-off against the additional items. The court found the issues for the plaintiff to the amount of $25, which it allowed against the defendant estate as of the seventh class on the several additional items but disallowed the balance of the claim. The claimant entered his motion for a new trial, which was overruled and final judgment entered as above, to which the claimant excepted and prayed an appeal to the Appellate Court for the Second District, which was allowed. In that court he assigned for error the overruling of his motion for a new trial and that the judgment of the circuit court was contrary to the law and the evidence. The Appellate Court reversed the judgment of the circuit court, entering a judgment in the usual form in such case, but in the remanding order attempted to give directions to the circuit court "to allow the claim for $975 as of the seventh class and to enter judgment accordingly, and for such other and further proceedings as to law and justice shall appertain;" also ordering that the claimant recover costs from defendant. From that judgment the administrator prosecutes this appeal.

A motion has been entered in this court by appellee to dismiss the appeal upon the ground that the amount involved is less than $1000, exclusive of costs, (there being no certificate of importance by the Appellate Court,) and that the judgment appealed from is not final. This motion has been reserved to the hearing.

The claim of the appellee as filed in the circuit court was for more than $1000, and the appeal by him was from a judgment of that court refusing to allow him the amount of his claim. There is nothing in the record

to show that he in any way abandoned any part of his claim.  He, and not the defendant, appealed from the judgment of the circuit court, and by his assignment of errors he questioned the correctness of the decision of the circuit court in refusing to allow his whole claim. The amount in controversy in the circuit court, and also in the Appellate Court, was more than $1000, and by the terms of the statute either party was given the right to appeal to this court.  It is, perhaps, true, that the real matter in controversy is the right of the claimant to the item of $950, and that he is content with the allowance of $25 upon the other items; but we are unable to agree with his counsel that, as a matter of law, less than $1000, exclusive of costs, was involved in the action.  The judgment of the Appellate Court is final within that provision of the statute which allows an appeal to this court from the Appellate Court where the order or decree of that court is such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court.  (*Osgood* v. *Skinner*, 186 Ill. 491.) The motion to dismiss the appeal will be overruled.

So much of the order and judgment of the Appellate Court as attempts to direct the circuit court to enter a judgment in favor of the claimant for $975 is erroneous. The claim filed in the circuit court was a claim at law, upon the trial of which either party was entitled to a jury.  The waiver of that right upon the former trial in no way affects the right of either of them to demand a jury upon a re-trial of the case, and the Appellate Court has no power to deprive them of that right.  *Osgood* v. *Skinner, supra.*

The judgment of the Appellate Court will be reversed and the cause remanded to that court, with directions to strike out of its remanding order the direction to the circuit court "to allow the claim for $975 as of the seventh class and to enter judgment accordingly."

*Reversed and remanded.*