## Estate of Jacob Guyer v. George G. Caldwell.

1. WAIVER—*Of a Jury is Exhausted by One Trial.*—A waiver of a trial by jury is exhausted by one trial and a review of the case on appeal.

2. APPELLATE COURT PRACTICE—*Finding of Facts and Entry of Judgment.*—The Appellate Court, on appeal from a judgment rendered on a trial without a jury, may find the facts differently from the court below and enter judgment, but if it does not do so and remands the cause, the parties are entitled to a trial by jury and the Appellate Court can not deprive them of that right by directing the entry of a specific judgment by the court below.

3. SAME—*When Its Directions Are Rescinded by the Supreme Court.*—Where a case has been reversed and remanded by the Appellate Court, with directions to the trial court to enter a specific judgment, and such directions after being obeyed by the trial court are rescinded by the Supreme Court, they no longer support the judgment thus entered, and it becomes the duty of the Appellate Court to reverse the same if necessary to carry into effect the directions of the Supreme Court.

**Claim in Probate.**—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed October 1, 1901.

JAMES H. SEDGWICK, attorney for appellant.

NEWTON WYETH and JAMES A. CAMERON, attorneys for appellee.

OPINION PER CURIAM.

This case was before us at the October term, 1899, when we reversed a judgment, rendered by the court below after jury waived, allowing a claim against an estate in the sum of $25 only, and remanded the cause with directions to allow the claim in the sum of $975. (Caldwell v. Estate of Jacob Guyer, 89 Ill. App. 110.) The case was thereafter redocketed below, and on claimant's motion such a judgment as we directed was entered, the court denying a motion by the estate for a re-trial of the cause. From that judgment this appeal is prosecuted by the estate, and claimant has moved to dismiss the appeal on the ground that no appeal will lie from a judgment entered pursuant to the directions given.

Estate of Jacob Guyer v. Caldwell.

In our former judgment we omitted to enter any finding of facts, though our opinion showed we reached a different conclusion from the court below on the facts. After our former judgment and after the court below had entered the judgment we directed, the Supreme Court, in Osgood v. Skinner, 186 Ill. 491, decided that a waiver of a jury is exhausted by one trial and by a review of the cause on appeal, and that while the Appellate Court on an appeal from a judgment rendered on a trial without a jury may find the facts differently from the court below and enter a final judgment, yet if it does not do so, but remands the cause, the parties are then entitled to a jury trial and the Appellate Court can not deprive them of that right and direct the entry of a specific judgment below. It was thus settled that while we might have entered a finding of facts and a judgment thereon in favor of claimant for $975, yet the course we did pursue was erroneous. Afterward, on April 18, 1901, our former judgment was reversed in Estate of Jacob Guyer v. Caldwell, 189 Ill. 581, and we were there directed to strike out of our remanding order the direction to allow the claim and enter judgment. That was in fact a writ of error, though reported as an appeal, and it was sued out after our directions had been obeyed by the trial court. We have now obeyed the directions given us. While it was not error in the court below to obey the directions we gave it, (Roby v. C. & C. C. & D. Co., 154 Ill. 190,) yet those directions having since been rescinded, they no longer support the judgment entered pursuant thereto, and it becomes our duty to reverse the later judgment in order to carry into effect the directions of the Supreme Court.

The motion to dismiss the appeal is therefore denied, and the judgment is reversed and the cause remanded for a new trial. Reversed and remanded.