## TOWN OF CARTHAGE

v.

## CHARLES P. BUCKNER.

1. PRACTICE—STIPULATION—OF NO FORCE ON SECOND TRIAL.—A stipulation that a jury may be waived, and the cause tried by the court has no force after the trial in which such stipulation is made. When a cause is remanded from an appellate court for another trial, both parties are restored to their original right of trial by jury.

2. EVIDENCE—CUSTOM OR PRACTICE OF PHYSICIANS.—In the trial of a person for violation of the ordinance of a town prohibiting the sale of liquors, except upon a physician's prescription, evidence of the custom of other physicians in giving prescriptions, as to their form, is not admissible to prove or disprove the issue before the jury.

3. PAPERS TAKEN BY THE JURY.—A written stipulation of facts read in evidence, and the ordinances of the town also read in evidence, are proper papers to be taken by the jury to their rooms, on retiring to consider their verdict.

4. AGREED STATEMENT OF FACTS—ADMISSIONS.—Admissions, including those made by attorneys of record, bind the parties in all matters relating to the progress of the cause; but they must be distinct and formal, and made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial. In such cases they are generally conclusive, and may be given in evidence, even upon a new trial.

APPEAL from the County Court of Hancock county; the Hon. JOHN B. RISSE, Judge, presiding. Opinion filed January 18, 1881.

Messrs. MANIER & MILLER and Mr. M. P. BERRY, for appellant; that a jury may take, upon retirement, all papers which have been read in evidence on the trial, cited O'Neall v. Calhoun, 67 Ill. 219; Hovey v. Thompson, 37 Ill. 538.

Town of Carthage v. Buckner.

No written complaint was necessary to commence the suit : Town of Jacksonville v. Block, 36 Ill. 507; Harbaugh v. City of Monmouth, 74 Ill. 367.

An instruction as to what the presumption of law is upon a question of disputed fact, is calculated to mislead: Guar. Mut. Life Ins. Co. v. Hogan, 80 Ill. 35.

The defendant, to excuse himself, should bring himself within the exceptions of the ordinance: Bennett v. The People, 30 Ill. 389; Noecker v. The People, 91 Ill. 468.

A mere sham prescription would be of no avail except to aggravate the offense: The People v. Safford, 5 Denio, 114; Commonwealth v. Kimball, 24 Pick. 370; State v. Lanoniora, 19 Mo. 392.

Messrs. Mason & Griffiths, for appellee; that the court properly refused to allow the jury to take with them the written stipulation and ordinances, cited Rawsom v. Curtiss, 19 Ill. 456; Smith v. Wise, 58 Ill. 141; O'Neill v. Calhoun, 67 Ill. 219.

An instruction giving undue prominence to certain portions of the evidence, is erroneous: Bowen v. Schuler, 41 Ill. 192; Callaghan v. Myers, 89 Ill. 566; Homes v. Hale, 71 Ill. 552; Calef v. Thomas, 81 Ill. 478; Hutchinson v. Crain, 3 Bradwell, 20.

All the facts necessary to show a violation of the ordinance must be proved—they will not be presumed: Waddle v. Duncan, 63 Ill. 223; Booth v. Town of Carthage, 67 Ill. 102; Town of Collinsville v. Scanland, 58 Ill. 221; Kinder v. Gillespie, 63 Ill. 88.

Upon the rule for construction of penal statutes: Sedgwick on Statutory Law, 295; Bishop on Stat. Crimes, § 216; Monroe v. Chester, 22 Pick. 385; Bidwell v. Whitaker, 1 Mich. 469; Priestmann v. United States, 4 Dallas, 30; Melody v. Read, 4 Mass. 473; Bellville R. R. Co. v. Gregory, 15 Ill. 20; Raplee v. Morgan, 2 Scam. 561; Chicago v. Rumpff, 45 Ill. 90; Bullock v. Geomble, 45 Ill. 218; Chestnutwood v. Hood, 68 Ill. 132; Waddle v. Duncan, 63 Ill. 223; Stuart v. Hamilton, 66 Ill. 253.

Unless the verdict is clearly against the weight of evidence, it should not be disturbed by this court: Chicago R'y Co. v. Young, 62 Ill. 238; O'Brien v. Palmer, 49 Ill. 72; Palmer v. Weir, 52 Ill. 341; City of Peru v. French, 55 Ill. 317; Fish v. Roseberry, 22 Ill. 288.

DAVIS, J. This case was before us at the May term, 1879, on substantially the same evidence, and we then held that the finding of the court in favor of appellee was manifestly against the weight of the evidence, and the judgment was reversed, and the cause remanded for further proceedings. Town of Carthage v. Buckner, 4 Bradwell, 317.

On the second trial below, the verdict of the jury was also in favor of appellee, and judgment was rendered in his favor against appellant for costs, and the case again comes up by appeal.

Numerous errors and cross-errors are assigned by the parties, of which only the most important will be noticed.

It appears that on the first trial, the parties entered into a written stipulation of facts agreed upon, as proven on the trial, and also that a jury should be waived, and the case submitted to the court for trial. On the second trial, appellant claimed that under such stipulation a jury should again be waived, and the case be tried by the court, and entered a motion to that effect. The action of the court in overruling this motion is one of the errors assigned. In this we think no error was committed. The agreement to waive a jury only bound the parties to the mode adopted, of trial by the court, to that one trial. When the case was remanded by this court for another trial in the court below, both parties were restored to their original right of trial by jury. Each party is entitled to as many juries as there are trials, and a waiver of a jury on one trial, is expended by that trial.

Appellant also assigned for error, the admission by the court of evidence offered by appellee not embraced in the written stipulation of facts. This evidence consisted of the testimony of several physicians as to their custom or practice in giving prescriptions, and of their form, and was objected to, on the

ground that such evidence was irrelevant and improper. This objection was well taken.

We fail to see that the practice or custom of other physicians, or the form of their prescriptions, tended to prove or disprove the issue before the jury, whether the appellee was guilty of violating the ordinances of the town.

Another error assigned by appellant, is that the court refused to permit the ordinances of the town, and the written stipulation of facts, which had been read in evidence, to be taken by the jury on their retirement to their room. Revised Statutes of 1877, section 56, page 741, provides that "Papers read in evidence, other than depositions, may be carried from the bar by the jury."

The ordinances of the town and the stipulation of facts, were papers read in evidence to the jury. The one was a written or printed paper, showing the law as adopted for the government of the town, and the other was a written agreement entered into by the parties, showing the facts of the case, which were to be taken by the jury as having been sworn to before them. We find no good reason why the jury should not be permitted to take them to their room, which would not exclude written contracts, promissory notes, bonds or deeds, which are always permitted to be taken by the jury. They are certainly not excluded by force of the statute, for that permits all papers read in evidence, other than depositions, to be carried from the bar by the jury, and they are not depositions or equivalent to the depositions of witnesses. Under the statute now in force, which is somewhat different from the one existing when the earlier decisions were made, and under the ruling of the Supreme Court in O'Neall et al. v. Calhoun, 67 Ill. 219, we think the court erred in not permitting the jury to take to their room the papers read in evidence.

It is also assigned for error by appellant that the verdict of the jury is contrary to the weight of evidence.

The testimony given on the last trial is the same in every respect as that given on the first, except that in the last the court improperly admitted the testimony of the physicians; but we regard their evidence as unimportant and as not strength-

ening the case of appellee. And as we held, when the case was first before us, that the verdict was so clearly against the weight of evidence as to show that injustice had been done, and that our duty required us to reverse the judgment, we must again, when the case comes before us upon similar evidence, reach the same conclusion.

We will only notice the cross-error assigned by appellee, that the court erred in permitting appellant to read to the jury the agreed statement of facts.

The rule is, that admissions, including those made by attorneys of record, bind the parties in all matters relating to the progress and trial of the cause. But they must be distinct and formal and made for the express purpose of alleviating the stringency of some rule of practice or of dispensing with the formal proof of some fact at the trial. In such cases they are in general conclusive, and may be given in evidence even upon a new trial. 1 Greenleaf on Evidence, Sec. 186.

Under this rule the evidence objected to was properly admitted.

For the errors appearing on the record, the judgment must be reversed and the cause remanded.

Judgment reversed.