## J. C. OSGOOD

*v.*

### JOHN SKINNER *et al.*

*Opinion filed June 21, 1900—Rehearing denied October 5, 1900.*

1. PRACTICE—*waiver of jury does not extend to second trial, after re-versal.*  A waiver of trial by jury, unless withdrawn, extends to the review of the judgment in the Appellate Court, so as to enable that court to decide the issues of fact and enter final judgment; but if final judgment is not entered and the cause is remanded the waiver is exhausted, and the Appellate Court cannot deprive a party of his right to have issues of fact tried by a jury, upon re-instate-ment, by directing the entry of a particular judgment.

2. SAME—*when Appellate Court cannot direct entry of final judgment.*  Where a judgment for the defendant is reversed by the Appellate Court for errors of law, that court has no power, upon remanding the cause, to direct the trial court to enter final judgment for the plaintiff for a certain amount of damages and costs.

3. SAME—*section 80 of the Practice act construed.*  Section 80 of the Practice act, authorizing the Appellate Court to give final judg-ment and issue execution or remand the cause in order that exe-cution may issue from the trial court, does not empower Appellate Court to remand and direct the trial court to enter final judgment and issue execution.

4. APPEALS AND ERRORS—*when it must be presumed that reversal was for errors of law.*  It must be presumed that the Appellate Court re-versed a judgment for errors of law where there is no recital in its judgment of any fact found differently from the facts found below.

5. SAME—*when Appellate Court's judgment is appealable.*  A judg-ment by the Appellate Court reversing a judgment for the defend-ant and remanding the cause, with directions to the trial court to enter judgment for the plaintiff for a certain amount for damages, costs and interest, is subject to appeal, since no further proceed-ings can be had in the trial court than to carry out the mandate.

*Skinner* v. *Osgood,* 83 Ill. App. 454, reversed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

CHESTER M. DAWES, WILLIAM McNETT, and PECK, MILLER & STARR, for plaintiff in error.

JOHN S. WINTER, and CRATTY, JARVIS & CLEVELAND, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

. John Skinner and William H. Emerson, the defendants in error, suing for the use of the said John Skinner, brought their action of assumpsit in the circuit court of Cook county against J. C. Osgood, plaintiff in error, to recover the par value, with interest, of 325 shares of capital stock of the Whitebreast Fuel Company, a corporation of the State of Iowa. The action was upon a contract in writing executed by said parties, which recited that defendant had bought from plaintiffs certain coal mining properties in Fulton county, Illinois, for the agreed consideration of $100,000, which was paid in part by the delivery to the plaintiffs of 650 shares of said capital stock at their par value of $65,000, and in consideration thereof the defendant agreed to purchase from plaintiffs said shares of stock at such par value, provided they should notify him in writing at his office, on or before August 1, 1891, of their election to sell said stock to him. There were special counts setting up the contract, and also the common counts. To the declaration the defendant pleaded the general issue, and to the third count of the declaration a plea of the Statute of Limitations. Issues were formed under these pleas, and the issues so made were submitted to the court for trial without a jury.

On the trial the plaintiffs presented to the court various propositions of law, holding, in substance, that the

agreement in question was a valid and binding agreement, but that if it was void as an option contract under section 130 of the Criminal Code and not binding and obligatory on the defendant, then the plaintiffs had a right to tender back the stock and sue for and recover its value, or that portion of the purchase price of the coal mine, railroad and appurtenances. These propositions the court refused to hold. Thereupon the court found the issues for the defendant and rendered judgment against the plaintiffs for costs, to which decision and judgment the plaintiffs excepted and appealed to the Appellate Court for the First District. In the Appellate Court there were assignments of error that the trial court refused to hold the propositions of law so submitted; that the court improperly found the issues for the defendant and rendered judgment in his favor, and that the finding and judgment were contrary to the law and contrary to the evidence. The Appellate Court, upon consideration of the errors assigned, found and recited that there was manifest error in the record and reversed the judgment of the circuit court and remanded the cause to said circuit court, with directions that said circuit court enter a judgment in favor of plaintiffs, against the defendant, for the sum of $32,500, with interest at the rate of five per cent per annum from October 1, 1891, and also enter judgment for costs against the defendant on the 29th day of June, 1899. The Appellate Court did not make or recite in its judgment any finding of facts. Said defendant against whom judgment was ordered, who was appellee in the Appellate Court, sued out the writ of error in this case to review the judgment of the Appellate Court.

The Appellate Court did not enter a final judgment either for damages or costs of the trial court, but remanded the cause to the circuit court, with directions to enter a judgment for plaintiffs for a certain amount of damages and costs. The Appellate Court undertook to judicially determine the matters in controversy between

the parties, so as to conclude them on the merits when the case was again re-instated in the circuit court. There was no recital in the judgment of any fact found differently from the facts as found by the trial court, and it must therefore be held that the facts were found the same in both courts, and that the reversal was for errors of law committed by the trial court. In such a case, if the errors are of a nature to be corrected upon another trial, it is the duty of the Appellate Court, on a reversal of the judgment, to remand the cause and award a new trial so that the errors may be obviated. (*Commercial Ins. Co.* v. *Scammon,* 123 Ill. 601; *Scovill* v. *Miller,* 140 id. 504; *Siddall* v. *Jansen,* 143 id. 537.) Such a judgment which merely reverses the judgment of the trial court and remands the cause is not a final judgment reviewable by this court.

But it is immaterial in this case whether the judgment of the Appellate Court is to be regarded as a final judgment or not, so far as the right to a review is concerned. Section 90 of the Practice act provides for a review in this court in two classes of cases. The provision is: "If final judgment or decree be rendered therein in the Appellate Court, or, if the judgment, order or decree of the Appellate Court be such that no further proceedings can be had in the court below, except to carry into effect the mandate of the Appellate Court, any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error." The judgment of the Appellate Court here is such that no further proceedings can be had in the circuit court of Cook county except to carry out the mandate of the Appellate Court, and enter a final judgment in favor of the plaintiffs, against the defendant, for $32,500, with interest from a certain date, and for the costs of the suit.

The Appellate Court had power to reverse the judgment and remand the cause, as was done, but the further order to the circuit court was erroneous. A court of re-

view, in the correction of errors, may give directions in
chancery cases to the inferior court to enter such order
or decree as ought to have been entered, and may give
such directions in enforcement of rulings on questions of
law and practice in suits at law, but it cannot deprive a
party of his constitutional right to a trial of an issue of
fact by jury by ordering the trial court, when the case is
re-instated there, to enter a particular judgment.   When
a cause is re-instated in the trial court the parties have
a right to introduce such evidence pertinent to the issue
as they may choose, and to submit the issue to a jury.
In this case the jury was waived for the purposes of the
trial in the circuit court, and it has been held in a num-
ber of cases that such waiver also extends to the review
of the judgment in the Appellate Court, so as to enable
the Appellate Court to decide the issue of fact and enter
final judgment.   (*Commercial Ins. Co.* v. *Scammon, supra;*
*Commercial Union Assurance Co.* v. *Scammon,* 126 Ill. 355;
*Manistee Lumber Co.* v. *Union Nat. Bank,* 143 id. 490; *Town of*
*Cicero* v. *Sackley,* 164 id. 513; *City of Spring Valley* v. *Spring*
*Valley Coal Co.* 173 id. 497.)   In *Manistee Lumber Co.* v. *Union*
*Nat. Bank, supra,* the court said (p. 504): "Where the trial
has been, by agreement, before the court without a jury,
resulting in a judgment for the defendant, the Appellate
Court may not only reverse, but may also render judg-
ment for the plaintiff, if the law, as applied to the facts
found by that court, necessitates such a judgment, and if
it can be ascertained from the facts so found what judg-
ment ought to have been rendered by the court below."
In the case of *United Workmen* v. *Zuhlke,* 129 Ill. 298, a jury
was waived in the trial court and this court assessed the
damages and rendered final judgment.

The waiver of a jury for the purposes of a trial, how-
ever, is exhausted by that trial and the review of it, and
when the case is remanded to the trial court both parties
are restored to the original right of trial by jury.   The
agreement to waive a jury only binds the parties to that

mode of trial for one trial, and it is no longer binding when new or different issues are formed or on a subsequent trial. (*Town of Carthage* v. *Buckner,* 8 Ill. App. 152; *Gage* v. *Commercial Nat. Bank,* 86 Ill. 371.) Amendments to pleadings may be necessary and proper after a remandment, and a different judge may be presiding to whom a party might not be willing to submit an issue of fact. Even at the term when a waiver is made it is within the discretion of the court to permit a withdrawal of it, and such permission is ordinarily given when the opposite party will not suffer. In case the jury has been discharged for the term on the strength of the waiver, or there is some other good reason, the court might deny a party the privilege of withdrawal; but so jealous is the law of the right to trial by jury, that ordinarily a court will permit such withdrawal where others rights will not be injuriously affected. In any event, the waiver is only for the particular trial. (12 Ency. of Pl. & Pr. 270.) After the re-instatement of the case in the circuit court there will be no waiver of the right to a jury trial, and the Appellate Court could not deprive defendant of that right.

It was suggested on the oral argument that section 80 of the Practice act authorized the order to the circuit court. That section provides as follows: "In all cases of appeal and writ of error, the Supreme Court or Appellate Court may give final judgment and issue execution, or remand the cause to the inferior court, in order that an execution may be there issued, or that other proceedings may be had thereon." The Appellate Court is thereby authorized to give final judgment, and to either issue execution from that court or remand the cause to the inferior court for execution or other proceedings to enforce the judgment. The statute does not say that the Appellate Court may remand the cause to the inferior court to give final judgment and issue execution, but that it may remand the cause in order that execution may issue from the inferior court or there may be other proceedings in

execution of the judgment. The provision applies only to the issue of execution or proceedings subsequent to the judgment.

The order of the Appellate Court to the circuit court of Cook county to enter a judgment for damages and costs is reversed and the cause is remanded to the Appellate Court, with directions to modify its judgment by striking out said order. *Reversed and remanded.*