## The People of the State of Illinois, Defendant in Error, v. Tom Johnson, Plaintiff in Error.

### Gen. No. 26,711.

1. LARCENY—*sufficiency of allegation as to denomination of money.* An information charging defendant with the larceny of "one bill fold and contents of the value of five ($5) dollars," was not defective in that it failed to allege the denomination of the money, as the defendant was not charged with stealing any money, bills or currency.

2. CRIMINAL LAW—*presumption on writ of error as to sufficiency of evidence in absence of bill of exceptions.* Where an information charged the stealing from the prosecuting witness of one bill fold and contents of the value of $5, and the court found defendant guilty of the larceny of the property of the value of $5, it was presumed, in the absence of a bill of exceptions, that there was sufficient evidence that defendant stole the bill fold of the prosecuting witness and that its value was $5.

3. JURY—*necessity of formal waiver on criminal prosecution in court of record.* The "Act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment," in force July 1, 1893 (Cahill's Ill. St. ch. 38, ¶ 780), does not only apply to justices' courts, but to courts of record, and in submitting a cause which may result in a judgment of imprisonment to a court for trial without a jury, a formal written waiver is essential.

4. JURY—*right on new trial as affected by waiver on first trial.* A previous written waiver of a trial by jury by the defendant in a larceny case, executed prior to the commencement of the first trial, was exhausted after that trial had been had and a new trial awarded; and the entry of a judgment of imprisonment after a second trial by the court without a jury, without defendant having executed a new waiver, was reversible error.

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Reversed and remanded. Opinion filed November 1, 1921.

S. B. TURNER, for plaintiff in error.

ROBERT E. CROWE, for defendant in error; EDWARD E. WILSON and HENRY T. CHACE, JR., of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On December 22, 1920, an information, signed and sworn to by Oscar Forsland, was filed in the municipal court of Chicago, in which it was stated that Tom Johnson, on the 20th day of December, A. D. 1920, at the City of Chicago, "did unlawfully steal, take and carry away from the person of the said Oscar Forsland one bill fold and contents of the value of five dollars, the personal goods and property of Oscar Forsland," contrary to the statute, etc. On the same day (December 22) Johnson, being in court, elected to waive a trial by jury and executed a formal waiver in writing and the same was filed. By agreement the cause was submitted to the court, and Johnson was arraigned and orally pleaded that he was not guilty as charged, and on the trial which immediately followed, the court found him guilty and sentenced him to imprisonment and to pay a fine and costs. Thereupon he moved to vacate the judgment, which motion was entered and continued to the following day (December 23), on which day the court vacated the judgment, and, on his motion, granted a new trial. Immediately thereafter he was again arraigned and he again pleaded that he was not guilty as charged, and the cause was again submitted to the same judge for trial without a jury,—Johnson being represented by counsel. The transcript of the record does not disclose that he signed or that there was filed a new written waiver of a trial by jury. After hearing the testimony on the second trial the court found Johnson "guilty in manner and form as charged in the information herein, value of property five ($5) dollars," and adjudged him "guilty of the criminal offense of larceny

of property of the value of five ($5) dollars, on said finding of guilty," and sentenced him to confinement at labor in the house of correction in Chicago for ninety (90) days, and also to pay a fine of $10 and the costs of suit, taxed at $6.50. No bill of exceptions is contained in the transcript of the record.

Several errors are assigned. The two argued are in substance (1) that the information is substantially defective in that it fails to allege the denominations of the money, and (2) that the court should not have entered the judgment after the second trial before the court without a jury, without the defendant having executed a new written waiver of a trial by jury.

We do not think there is any merit in counsel's first point. The information charges defendant with the larceny of "one bill fold and contents of the value of five dollars." It does not charge the defendant with stealing any money, bills or currency. The court found the defendant guilty of larceny of the property of the value of five dollars. It is to be presumed, in the absence of a bill of exceptions, that there was sufficient evidence that defendant stole the bill fold of the prosecuting witness and that its value was five dollars. (*People v. Morgan,* 194 Ill. App. 514.)

Regarding counsel's second point, we find, by referring to the "Act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment," in force July 1, 1893 (Hurd's Rev. St. 1919, ch. 110, ¶ 128, Cahill's Ill. St. ch. 38, ¶ 780), that it is provided:

"That no person shall be imprisoned for nonpayment of a fine or a judgment in any civil, criminal, quasi criminal or qui tam action, except upon conviction by jury: *Provided,* that the defendant or defendants, in any such action may waive a jury trial by executing a formal waiver in writing: *And provided, further,* that this provision shall not be construed to apply to fines inflicted for contempt of court: *And provided further,* that when such waiver of jury is

made, imprisonment may follow judgment of the court without conviction by a jury.''

It has been decided, in substance, that this statute not only applies to justices' courts but to courts of record, and that submitting a cause to a court for trial without a jury, which cause may result in a judgment of imprisonment of the defendant, is not a compliance with the statute unless there be a formal waiver in writing of a jury trial executed by the defendant. (*Swan v. Mulherin*, 67 Ill. App. 77, 79.)   In *Osgood v. Skinner*, 186 Ill. 491, 495, it is said: ''The waiver of a jury for the purposes of a trial, however, is exhausted by that trial and the review of it, and when the case is remanded to the trial court both parties are restored to the original right of trial by jury.   The agreement to waive a jury only binds the parties to that mode of trial for one trial, and it is no longer binding when new or different issues are formed or on a subsequent trial'' (citing *Town of Carthage v. Buckner*, 8 Ill. App. 152; *Gage v. Commercial Nat. Bank of Chicago*, 86 Ill. 371).   In *Rigdon v. More*, 242 Ill. 256, 258, it is said: ''A waiver of jury for the purpose of trial is exhausted by that trial, and when the case is remanded to the trial court both parties are restored to their original right of trial by jury.   The agreement to waive a jury trial binds the parties only as to the first trial.''

We are of the opinion that in the present case the judgment cannot stand, because on the second trial it does not appear that the defendant executed ''a formal waiver in writing'' of a trial by jury.   We think that the previous written waiver executed by him prior to commencement of the first trial was exhausted after that trial had been had and a new trial awarded. No good reason is perceived why a different rule should prevail when a new trial is granted by the trial court than where a new trial is awarded by a reviewing court.   The law jealously guards the right

to trial by jury. (*Osgood v. Skinner,* 186 Ill. 491, 496.)

For the reasons indicated the judgment of the municipal court is reversed and the cause is remanded.

*Reversed and remanded.*

Barnes and Morrill, JJ., concur.