(No. 48991.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. JOHN McCUTCHEON, Appellee.

*Opinion filed October 5, 1977.*

102

William J. Scott, Attorney General, of Springfield, and John G. Satter, and C. David Vogel, State's Attorneys, of Pontiac (James B. Zagel, Jayne A. Carr, Donald B. Mackay, and Raymond McKoski, Assistant Attorneys General, of Chicago, and Robert C. Perry, of the Illinois State's Attorneys Association Prosecutor's Appellate Service, of Springfield, of counsel), for the People.

Richard J. Wilson, Deputy Defender, and Charles M. Schiedel, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

Defendant, John McCutcheon, was indicted in Livingston County for the felony of indecent liberties with a child (Ill. Rev. Stat. 1969, ch. 38, par. 11—4) and the misdemeanor of contributing to the sexual delinquency of a child (Ill. Rev. Stat. 1969, ch. 38, par. 11—5) for engaging in a single act of sexual intercourse with a 15-year-old girl. Pursuant to a plea agreement, defendant pleaded guilty to the misdemeanor and the State nolprossed the felony. Judgment was entered and defendant was sentenced to one-year imprisonment. On appeal, the appellate court vacated the guilty plea for noncompliance with the requirements of Supreme Court Rule 402 (50 Ill. 2d R. 402) regarding guilty pleas, and remanded, allowing defendant to plead anew.

At the jury trial and after the State reinstated the felony count of indecent liberties, defendant was convicted of both indecent liberties and contributing to the sexual delinquency of a child and sentenced to 364 days with no credit for time served after the guilty plea was vacated. The State and defendant agreed that under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—4), McCutcheon could not receive a sentence more severe than the original sentence of one-year imprisonment. The appellate court, holding that the reinstatement of the indecent liberties charge was barred by the double jeopardy provisions of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 3—4), reversed (41 Ill. App. 3d 296). We granted the State leave to appeal.

McCutcheon's contentions before us are the same contentions he raised before the appellate court. First, the reinstatement of the felony count of indecent liberties was

barred by the double jeopardy provisions; second, entry of judgment on the felony conviction (for indecent liberties) violated both the resentencing provisions of the Unified Code of Corrections and due process of law; and third, charges which have been nol-prossed may not be reinstated.

As the defense correctly points out, section 3—4(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 3—4(a)) provides that a "conviction of an included offense is an acquittal of the offense charged." (See *People v. Newman* (1935), 360 Ill. 226; *People v. Carrico* (1923), 310 Ill. 543; *Barnett v. People* (1870), 54 Ill. 325; *Brennan v. People* (1854), 15 Ill. 511.) In section 2—5 of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 2—5) "conviction" is defined as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of guilty of an offense ***." On the issue of whether a judgment on a plea of guilty to a lesser offense (the result of negotiations in which the defendant agrees to plead guilty to a lesser included offense while the State agrees to dismiss the greater offense) is an acquittal of a greater offense, it *seems* that a defendant could not be prosecuted for the greater offense. We believe, however, that what is apparent is deceptive.

The Criminal Code of 1961 provides that "[f]or the purposes of this Code, the words and phrases described in this Article have the meanings designated in this Article, *except when a particular context clearly requires a different meaning.*" (Emphasis added.) (Ill. Rev. Stat. 1973, ch. 38, par. 2—.5.) The "particular context" of double jeopardy clearly calls for "a different meaning" of conviction where a plea of guilty is the basis for a "conviction."

In the first place, the "double jeopardy implications reverberating from a guilty plea and a jury verdict are not identical" even though a "guilty plea is as final as a jury verdict." (*Ward v. Page* (10th Cir. 1970), 424 F.2d 491,

493.) The finding of guilty on a lesser charge by the trier of fact is presumptively a finding of not guilty on the greater offense since the trier of fact has the opportunity to find the defendant guilty of the greater offense. (See, *e.g., Brennan v. People* (1854), 15 Ill. 511, 518-19.) Where the defendant pleads guilty to a lesser offense, however, there is no finding or verdict—of conviction or acquittal—on the greater offense. Parenthetically, the appellate court's construction of the double jeopardy provisions conflicts with the Criminal Code's definition of "acquittal": "Acquittal means a verdict or finding of not guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury" (Ill. Rev. Stat. 1973, ch. 38, par. 2—1).

One of the purposes of the protection against double jeopardy is to protect an "accused from the unfair harassment of successive trials." (*United States v. Goldman* (3d Cir. 1965), 352 F.2d 263, 266.) Unfair harassment occurs only if jeopardy has already attached to an offense charged. That is not the case here. Jeopardy attached only at the time the guilty plea was accepted by the court (Annot., 75 A.L.R.2d 683 (1961 & Supp. 1968)) and logic dictates that jeopardy would attach only to the crime pleaded to since there has been no other finding of any sort. (The court only determines whether the plea is voluntary and whether there is a factual basis for the plea.) Since defendant was never exposed to the danger of a trial on the charge of indecent liberties with a child, he cannot claim an acquittal on that charge or protection by reason of prior jeopardy.

In short, defendant's first successful appeal of his guilty plea placed him in the position he held prior to the plea or in the position he would have held had he been allowed to withdraw his plea. The appellate court's mandate to plead anew encompassed starting the process over. Accordingly, there was nothing to prevent the State from reinstating the greater charge. Defendant made clear

his intention of seeking a jury trial. Fairness for the interests of the People demands that the State not be bound by a plea agreement, once a condition of that agreement (the guilty plea) is no longer valid.

Plea negotiations, as the United States Supreme Court recently noted, are a useful, albeit criticized, tool in the administration of justice:

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned. The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of a trial; he gains a speedy disposition of his case ***. Judges and prosecutors conserve vital and scarce resources." (*Blackledge v. Allison* (1977), 431 U.S. 63, 71, 52 L. Ed. 2d 136, 145, 97 S. Ct. 1621, 1627. See also *People v. Pier* (1972), 51 Ill. 2d 96, 99.)

Allowing the defendant to benefit by the lapsed agreement while not giving the State the same flexibility is inconsistent with the policy considerations of both double jeopardy and plea negotiation. (*Cf. Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495.) Indeed, the State is much less likely to enter into plea negotiations if it realizes its decision to dismiss is irrevocable while the defendant's decision to plead is revocable.

Finally, our own rules anticipate this situation. Rules 604 and 605 (58 Ill. 2d Rules 604, 605) allow a defendant to move to withdraw a plea in circuit court; upon doing so, however, the defendant must be warned that dismissed charges may be reinstated by the State if the motion to withdraw a plea is allowed. As the State points out, the State may reinstate charges upon a successful withdrawal of a plea in the circuit court, but under the appellate court's holding here, the State may not reinstate dismissed

charges upon a vacation of the plea by the reviewing court. We do not believe this is called for. Although defendant rightly points out those rules were not in effect at the time of his proceedings and therefore are not controlling here, we point out that they are not cited here as controlling, but only to show the policy considerations involved.

Accordingly, we must conclude that, for purposes of section 3—4 (the double jeopardy provision), a plea of guilty to a lesser included offense is not an acquittal of the greater offense.

Defendant maintains secondly that the reinstatement of the felony charge and the subsequent felony conviction were barred by section 5—5—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—4) and by due process and cites *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, in support. Section 5—5—4 provides:

> "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence ***."

The record establishes that both parties accepted the sentence of 364 days for the conviction at the trial in 1974. Defendant, however, contends that because the trial resulted in a felony conviction, the sentence amounted to a "felony disposition." Even if the sentence of imprisonment at the second proceeding is the same as or less than the original sentence, which was for a misdemeanor, defendant maintains, it is barred because felony disposition of a sentence, by definition, is more severe than "misdemeanor disposition." Defendant then takes a step farther and argues that if felony disposition is barred by the statute, then reinstatement of the felony is barred. The arguments are without merit.

First of all, defendant did not receive a more severe

sentence. Second, the language clearly included subsequent proceedings on other crimes for the same conduct. The reinstated charge of indecent liberties was the "different offense based on the same conduct" for which defendant received an imprisonment sentence. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—4.) Section 5—5—4 is the codification of *Pearce* (which was followed by *People v. Baze* (1969), 43 Ill. 2d 298). The *Pearce* court primarily was concerned with the "vindictive" imposition of a harsher sentence on retrial of a defendant who had successfully appealed. (395 U.S. 711, 723-24, 23 L. Ed. 2d 656, 668-69, 89 S. Ct. 2072, 2080-81.) That simply is not the situation here. The record here does not reflect vindictive prosecutional behavior as was shown in *Pearce*. After defendant's successful appeal, his plea to the lesser offense was vacated, so the plea agreement was no longer effective. It is not vindictiveness for the State to reinstate a dismissed charge after the defendant successfully repudiated the guilty plea which had induced the dismissal of the charge pursuant to the abandoned plea agreement.

McCutcheon cites *Blackledge v. Perry* (1974), 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098, and *People v. Smith* (1974), 59 Ill. 2d 236, to buttress his argument that the felony charge should not have been brought against him after the vacation of his plea because it resulted in a felony disposition and was therefore a more severe sentence. Both cases are distinguishable. In *Blackledge,* the prisoner was a State penitentiary inmate who was charged with the misdemeanor of assault with a deadly weapon, convicted in a bench trial, and sentenced to six months additional imprisonment to be served upon completion of his original sentence. Upon the filing of the prisoner's notice of appeal, the prosecutor obtained a grand jury indictment for the felony of assault with a deadly weapon with intent to kill. The prisoner pleaded guilty and received a 5- to 7-year sentence to be served concurrently.

The prisoner then successfully sought a writ of *habeas corpus* in Federal court, and the court of appeals and the Supreme Court affirmed.

The Supreme Court, noting that not "all possibilities of increased punishment upon retrial after appeal" offended due process of law but only those involving vindictiveness (417 U.S. 21, 27, 40 L. Ed. 2d 628, 634, 94 S. Ct. 2098, 2102), stated its concern for the role a prosecutor could play in discouraging appeals by instituting more serious charges on retrial after a successful appeal. In a footnote, the court added that it was not the length of sentence, but rather the "very institution of the felony indictment" (417 U.S. 21, 31 n.8, 40 L. Ed. 2d 628, 636 n.8, 94 S. Ct. 2098, 2104 n.8), which constituted the denial of due process in *Blackledge,* because of the "increased potential period of incarceration" (417 U.S. 21, 28, 40 L. Ed. 2d 628, 634-35, 94 S. Ct. 2098, 2103).

*Blackledge v. Perry* differs from the instant case in a number of ways. In *Blackledge,* there was initially no grand jury indictment, and the prisoner was charged with only a misdemeanor in the first instance. Here, defendant was initially indicted for both a felony and a misdemeanor. In *Blackledge,* the prisoner then was convicted of the misdemeanor in a bench trial. Here, defendant never went to trial but pleaded guilty to the misdemeanor, while the State agreed to nol-pros the felony. In *Blackledge,* upon the prisoner's notice of appeal on the misdemeanor conviction, the prosecutor successfully sought a felony indictment from the grand jury. Here, the prosecutor was not responding to defendant's successful appeal of his plea. Defendant had been indicted for the felony of indecent liberties in the first place. The State, upon the vacation of the plea, proceeded as it would have proceeded had defendant not pleaded guilty—on the grand jury indictment for the felony.

*People v. Smith* (1974), 59 Ill. 2d 236, is inapposite to

the case before us. Smith was arrested and charged with armed robbery but pleaded guilty to misdemeanor offenses while waiving indictment. The armed robbery charge was nol-prossed. "Several minutes later" (59 Ill. 2d 236, 238) the court learned Smith's true name (Murphy) and age (16), vacated the convictions, and assigned the cause to the juvenile division. As allowed by statute (Ill. Rev. Stat. 1971, ch. 37, par. 702—7(3)), the case was transferred to the criminal division where Smith was indicted for armed robbery. The court went on to hold that, under *Blackledge v. Perry*, Smith's pleas to the misdemeanor offenses were nullified when he invoked his statutory right to have the charge adjudicated under the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 701—1 *et seq.*), and the State was not permitted to seek indictment for a greater offense.

In the instant case, the grand jury indictment for the felony of indecent liberties was prior to the plea agreement, whereas in *Smith* the indictment for the felony occurred only after the convictions were vacated and the cause was assigned to juvenile court and then transferred back to criminal court. Moreover, the criminal court in this case was initially and always vested with authority. In *Smith* the criminal court properly had authority to dispose of the case only after the juvenile court transferred the cause to the criminal court. In other words, once Smith sought the proper statutory adjudication, the State then sought a grand jury indictment for a greater offense, which this court found to be vindictive. Here, after defendant successfully appealed the misdemeanor plea, the State then pursued the same course open to it before the plea agreement: going ahead on the indictment for the felony of indecent liberties.

The defendant's final contention is that charges which have been nol-prossed may not be reinstated.

As we have stated above, the nol-prossed felony charge of indecent liberties was pursuant to a plea

agreement. The dismissal was conditioned on the defendant's plea of guilty to the misdemeanor. In short, the dismissal was not unconditional. Moreover, *People v. Hines* (1964), 30 Ill. 2d 152, which the defendant cites, is not relevant to the instant case. Hines had contended he could be placed in double jeopardy because the State had nol-prossed one count. The *nolle prosequi* had been entered after the jury was impaneled and evidence was heard. This court rejected Hines' double jeopardy claim, saying that he could not be reindicted and retried for a nol-prossed charge. We have already determined that jeopardy never attached to the dismissed charge of indecent liberties and that the dismissal was not unconditional. Hence the facts and holding of *Hines* offer no support to the defendant here.

Because we find that jeopardy did not attach to the dismissed felony charge of indecent liberties, that the State's reinstatement of the felony was not vindictive, and that the *nolle prosequi* was conditional, we reverse the appellate court and affirm the trial court.

*Appellate court reversed;*
*circuit court affirmed.*