THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LESTER W. MIXON, JR., Defendant-Appellant.

Third District No. 3—93—0383

Opinion filed December 6, 1994.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Raymond Kimbell III, State's Attorney, of Galesburg (John X. Breslin and Lawrence Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Lester W. Mixon, Jr., defendant, appeals from a final judgment of conviction entered in the circuit court of Knox County after a bench trial. He was found guilty of three counts of unlawful delivery of a controlled substance and one count of unlawful delivery of a look alike substance. We reverse and remand for a new trial.

## BACKGROUND

Following defendant's indictment on four counts of unlawful delivery, defendant filed a waiver of his right to a jury trial and indicated his willingness to enter a plea of guilty to the charges. However, a short time later when defendant refused to agree with the factual basis for the plea as set forth by the State, the trial court rejected the guilty plea and set the cause for a bench trial.

At trial, Tazewell County sheriff's officer Shawn Meeks, an undercover agent with the Metropolitan Enforcement Group (MEG), testified that on three separate occasions during May and June of 1990, he arranged for a police informant to approach defendant about obtaining some cocaine for Meeks. Each time defendant was able to locate a supplier and obtain cocaine which Meeks purchased. The first transaction involved an eighth of an ounce for $300; the second, eight grams for $500; and the third, two quarter-ounce bags for $800. A fourth transaction occurred in September of 1990 when Meeks encountered defendant in a tavern and defendant offered to obtain some cocaine for him. This time the agent advanced defendant $125 for one-sixteenth of an ounce and received a white powder which was subsequently identified as not cocaine.

Defendant offered an entrapment defense as to the three counts charging unlawful delivery of cocaine. The informant testified on behalf of defendant, stating that although defendant was a cocaine user, he had never known defendant to deal in drugs. He testified

that he had to talk defendant into obtaining the cocaine as a personal favor. Defendant testified that he had never sold drugs before these transactions and did so here only to help the informant, who was his friend.

In finding defendant guilty, the trial court specifically found that defendant was not induced to commit the first three crimes charged. The court sentenced defendant to a concurrent term of 15 years in the penitentiary on each of the first three counts and a concurrent term of five years on the fourth count.

In his post-trial motion, defendant asked that the convictions be reversed because the evidence established the defense of entrapment. In the alternative, he asked for a new trial on the ground that the State failed to provide certain relevant police reports in advance of trial pursuant to the court's discovery order. After reviewing the documents involved, the trial court granted the motion for a new trial.

Defendant filed a motion to withdraw his waiver of a jury trial. The court denied the motion, indicating that it would not exercise its discretion in a manner that would allow defendant to use the first trial as a "test" run.

At the second trial, defendant and his counsel refused to participate in the proceedings on the ground that he would waive a possible double jeopardy claim. The trial court again entered a judgment of conviction on all four counts and imposed the same prison sentences plus restitution.

## MOTION TO WITHDRAW JURY WAIVER

■ The determinative issue in this appeal involves defendant's contention that the trial court deprived him of his constitutional right to a trial by jury when the court denied his motion to withdraw his jury waiver after granting him a new trial. The trial court apparently believed that it had discretion to decide the motion. The court does have such discretion in those cases where a defendant seeks to withdraw a jury waiver shortly before trial is to begin. (See *People v. Smith* (1973), 11 Ill. App. 3d 423, 425, 296 N.E.2d 629, 630. *Cf. People v. Hall* (1986), 114 Ill. 2d 376, 414, 499 N.E.2d 1335, 1351.) However, we find that when retrial has been ordered in a criminal case, whether pursuant to a post-trial motion or upon remand from a court of review, the right to a trial by jury is not considered simply a matter for the court's discretion.

The United States Supreme Court has frequently recognized that the right to jury trial in criminal cases is fundamental to our system of justice. In the landmark case of *Duncan v. Louisiana* (1968), 391

U.S. 145, 155, 20 L. Ed. 2d 491, 499, 88 S. Ct. 1444, 1451, the Supreme Court stated, "The guarantees of jury trial in the Federal and State Constitutions reflect a profound judgment about the way in which law should be enforced and justice administered." The *Duncan* Court recognized that the right to a jury trial in serious criminal cases qualifies for protection under the due process clause of the fourteenth amendment of the United States Constitution and must, therefore, be respected by the States. 391 U.S. at 156, 20 L. Ed. 2d at 500, 88 S. Ct. at 1451.

The importance of the right to a jury trial as it relates to retrials was recognized very early in Illinois. In *Town of Carthage v. Buckner* (1880), 8 Ill. App. 152, a case involving an ordinance violation, the parties agreed to waive a jury, and the case was heard before the court. On appeal, the judgment was reversed and the cause remanded for a new trial. Prior to the second trial, the town filed a motion that the case again be tried by the court pursuant to the original stipulation, and the motion was overruled. On appeal from a judgment in favor of Buckner, the reviewing court held that both parties were restored to their original right of trial by jury on remand. "[A] waiver of a jury on one trial, is expended by that trial." 8 Ill. App. at 154.

In *People v. Johnson* (1921), 222 Ill. App. 248, the same rule was held to apply where the defendant was granted a new trial by the trial court. Relying upon *Town of Carthage*, as well as several civil cases, the court ruled that the trial court erred in conducting the second trial as a bench trial when there was no written waiver of the defendant's right to a trial by jury in the record. Noting that "[t]he law jealously guards the right to trial by jury," the court held that the written waiver executed before the first trial expired after that trial had ended and a new trial awarded. (222 Ill. App. at 251-52.) The same rule was recognized as Illinois law in *Burnham v. North Chicago St. Ry. Co.* (7th Cir. 1898), 88 F. 627, 629, where the court said in a civil case that the waiver of the "high and sacred constitutional right" of trial by jury should be strictly construed in favor of the preservation of the right.

In *People v. Schwartz* (1954), 3 Ill. 2d 520, 524, 121 N.E.2d 758, the Illinois Supreme Court cited *People v. Johnson* and stated that a defendant's jury waiver was set aside by a remand for a new trial *de novo*. See also *People v. Hamm* (1980), 100 Mich. App. 429, 298 N.W.2d 896 (holding that a jury waiver was nullified upon declaration of mistrial and defendant was entitled to retrial before a jury); *United States v. Lee* (6th Cir. 1976), 539 F.2d 606 (holding that the right to a jury trial is a fundamental right and a waiver should not be presumed to include second trial); Annot., 46 A.L.R.2d 919, 926 (1956); 47 Am. Jur. 2d *Jury* §§ 65, 66 (1969).

Given the weight of authority and strong Illinois precedent, we conclude that the trial court erred in denying defendant's motion to withdraw his jury waiver. The waiver applied only to the first trial, and the right of trial by jury remained available to defendant for the second trial.

## ENTRAPMENT

Defendant also contends that he is entitled to an outright reversal of his convictions under the three counts charging him with delivery of cocaine because he clearly established the defense of entrapment at his first trial. He argues that the trial court should have granted that portion of his post-trial motion whereby he sought a reversal of the three convictions for delivery of cocaine. This argument is without merit.

■ Where a new trial is granted because of errors in the original trial, the second trial is considered a *de novo* proceeding as though there had been no previous trial. (*People v. Boose* (1980), 85 Ill. App. 3d 457, 460, 406 N.E.2d 963, 965.) In this appeal, we can only review evidence from defendant's second trial. Since he offered no evidence at that trial, we cannot review a defense that was not presented. On remand from this appeal, defendant may, of course, present any defense he chooses.

## SENTENCING

■ Defendant also asserts several errors in sentencing. Since this cause is being reversed and remanded for a new trial, we need not consider these alleged errors.

## CONCLUSION

For the reasons stated, the judgment of the circuit court of Knox County is reversed and remanded for a new trial.

Reversed and remanded.

McCUSKEY and STOUDER, JJ., concur.