# Illinois Official Reports

## Appellate Court

---

### *People v. Hollahan*, 2015 IL App (3d) 130525

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH A. HOLLAHAN, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0525 |
| Filed | May 6, 2015 |
| Modified upon denial of rehearing | July 16, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 10-CM-1213; the Hon. Ronald J. Gerts, Judge, presiding. |
| Judgment | Affirmed and remanded with directions. |
| Counsel on Appeal | Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jamie J. Boyd, State's Attorney, of Kankakee (Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Carter and O'Brien concurred in the judgment and opinion.


**OPINION**

¶ 1    Defendant, Joseph A. Hollahan, appeals his convictions of two counts of domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2010)), arguing that the trial court held a bench trial without obtaining a proper jury waiver. We affirm defendant's convictions and remand the matter for the proper entry of an order for fines, fees, and costs.

¶ 2                                    FACTS

¶ 3    The State charged defendant by information with committing two counts of domestic battery against two different women (720 ILCS 5/12-3.2(a)(2) (West 2010)). Thereafter, defendant executed a signed jury waiver. In open court, the trial court asked defendant to explain the difference between a bench and a jury trial. Defendant replied that a "[b]ench trial is presided by a judge, and [a] jury trial is a jury of my peers." The court then asked defendant if he wanted a judge to decide his case. Defendant replied that he wanted a bench trial and affirmed that he signed the jury waiver.

¶ 4    Nearly one year later, private counsel withdrew from representation of defendant due to a disagreement with defendant. The trial court appointed a public defender. Shortly thereafter, during a hearing at which defendant appeared from the jail by videoconference, the trial court stated that it would allow defendant to withdraw his jury waiver as it was the court's policy to allow a defendant to withdraw a jury waiver when a new attorney takes over the case. Defendant asked if he would be able to have a trial the next month if he waived his right to a jury trial. The trial court stated that it did have bench trial dates available the next month. The public defender asked defendant if he wanted to waive his right to a jury trial to get the cases tried in late December. Defendant replied in the affirmative.

¶ 5    The next day, defendant was physically present in court and filed a second signed jury waiver. The trial court again asked defendant to explain the difference between a bench trial and a jury trial. Defendant replied, "A jury trial is a jury of my peers. Bench trial is Your Honor." Defendant stated that he signed the jury waiver he filed that day. Then, defendant's public defender stated: "I had a conversation with [defendant] about our waiver of right to a jury trial and how I did not have discovery today. And [defendant] and I discussed that, and he's comfortable waiving his right to a jury without me seeing that." The trial court asked defendant if that was true, and defendant replied that it was true.

¶ 6    Approximately one month after defendant's second jury waiver, defendant pled guilty to one count of domestic battery and was sentenced to incarceration of 226 days, and 2 years' domestic violence probation and an assessment of $200 plus court costs. In exchange for defendant's plea, the State dismissed the second count of domestic battery. The court asked defendant if he understood that by pleading guilty, he was giving up his right to plead not guilty and to a trial by jury. Defendant replied that he understood.

¶ 7     Defendant subsequently filed a motion to withdraw his guilty plea in the instant case, as well as in three other cases unrelated to this appeal. A different public defender represented defendant at the hearing on his motion to withdraw guilty plea. The trial court granted the motion and vacated defendant's conviction.

¶ 8     The State asked to set all of defendant's cases for trial because it had reached agreements with defendant twice in the past and was not going to attempt to reach an agreement with defendant again. The trial court found that defendant's jury waiver was not part of the previous plea agreement and stated that it would not be withdrawn. The court then set the matter for bench trial.

¶ 9     At the bench trial, Caitlin West testified that defendant was her mother's former boyfriend. At the time of the incident in question, defendant lived with West and her mother, Odette Heinrich. West was at home in her bedroom when she heard a large crash. She walked out of her bedroom and saw Heinrich and defendant standing in the doorway of their bedroom. The television set in Heinrich and defendant's bedroom was on the floor. Defendant slapped Heinrich in the face. West tried to get in between defendant and Heinrich, and defendant pushed her down to the floor. West landed on a vacuum and hurt her back. She got up and called 911. Defendant and Heinrich had been drinking that night, but West had not.

¶ 10    Heinrich testified that she had dated defendant for seven years. At the time of the incident, Heinrich and defendant were watching television in their bedroom. Defendant started arguing with Heinrich and threw the television set on the floor. Heinrich got up and tried to leave the room, and defendant slapped her several times. West walked in as defendant was slapping Heinrich. West tried to get Heinrich away from defendant and defendant threw West to the floor. West got up and called the police. Heinrich and defendant had both been drinking. Heinrich estimated that she had consumed 6 to 10 beers that night.

¶ 11    Defendant testified that on the night of the incident, he and Heinrich had been drinking. They began arguing loudly. West ran into the room and grabbed defendant from behind by his neck. Defendant instinctively tossed West to the side and she hit the television stand, knocking the television over. West ran out of the room screaming. Defendant denied slapping Heinrich.

¶ 12    The trial court found West's testimony to be the most credible since West was the only witness who was sober at the time of the incident. Ultimately, the court found defendant guilty of both counts of domestic battery and sentenced defendant to concurrent periods of incarceration of 90 days and credited him with time served for the entire 90 days. The trial court also ordered defendant to pay court costs. The court did not enter a signed order for a specific amount of costs. The docket entries show that a "cost" assessment in the amount of $382 and a "crim fines/costs" assessment in the amount of $817 were imposed.

¶ 13                                ANALYSIS
¶ 14                              I. Jury Waiver
¶ 15    On appeal, defendant argues that his domestic battery convictions should be reversed because his right to a jury trial was violated when the trial court did not obtain a subsequent jury waiver from defendant after withdrawal of defendant's guilty plea. Because we find that defendant's previous jury waiver was still in effect at the time of his bench trial, we affirm the judgment of the trial court.

¶ 16    "The right to a trial by jury is a fundamental right guaranteed by our federal and state constitutions." *People v. Bracey*, 213 Ill. 2d 265, 269 (2004). A defendant may waive the right to a trial by jury if the waiver is knowingly and understandingly made. *Id.* The validity of a jury waiver cannot be determined by the application of a precise formula but rather depends on the facts and circumstances of each case. *Id.* Where, as here, the relevant facts are not in dispute, courts review *de novo* the issue of whether a defendant knowingly and understandingly waived his right to a jury trial. *Id.* at 270.

¶ 17    Initially, the State argues that defendant failed to preserve the jury waiver issue for review. Defendant concedes that he failed to preserve this issue, but asks that we review it under the plain error doctrine. "Whether a defendant's fundamental right to a jury trial has been violated is a matter that may be considered under the plain error rule." *Bracey*, 213 Ill. 2d at 270.

¶ 18    "The plain-error rule bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved claims of error in specific circumstances." *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). The first step in plain error review is to determine whether an error occurred at all. *Id.* Because defendant knowingly and voluntarily waived his right to a jury trial, we find that no error occurred in this case. On two occasions prior to defendant's guilty plea, defendant filed signed jury waivers. On both occasions, defendant was present in court with counsel, correctly explained the difference between a jury trial and a bench trial, and affirmed that he wished to have a bench trial. At no point did defendant move to withdraw his jury waiver.

¶ 19    We reject defendant's argument that his jury waivers were no longer effective after the trial court allowed withdrawal of his guilty plea and vacated the conviction entered as a result of his guilty plea. Defendant cites *Bracey*, 213 Ill. 2d 265, *People v. Mixon*, 271 Ill. App. 3d 999 (1994), and *People v. Johnson*, 222 Ill. App. 248 (1921) for the proposition that when a judgment is vacated or reversed either on appeal or in the trial court and a new trial is ordered, a defendant's right to a jury trial is restored for the new trial. Defendant argues that his conviction, entered pursuant to his guilty plea, was no different than a conviction entered after a finding of guilt at a trial. Citing *Bracey*, *Mixon*, and *Johnson*, defendant concludes his right to a jury trial was restored when the trial court vacated his conviction. Thus, defendant believes that since the trial court failed to obtain a subsequent jury waiver, the trial court violated his right to a trial by jury.

¶ 20    While "the well-established rule is that ' "a waiver of a jury on one trial, is expended by that trial" ' " (*Bracey*, 213 Ill. 2d at 271 (quoting *Mixon*, 271 Ill. App. 3d at 1002, quoting *Town of Carthage v. Buckner*, 8 Ill. App. 152, 154 (1880))), said rule has not been extended to situations where, as here, a defendant waives his right to a jury trial and later pleads guilty, and the trial court subsequently allows withdrawal of the defendant's guilty plea and tries the defendant without a jury. See *People v. Totah*, 192 Ill. App. 3d 239, 246 (1989) (holding that the defendant's prior jury waiver was not ineffective after the trial court withdrew his guilty plea such that the trial court was required to re-admonish the defendant of his right to a jury trial).[1]

---

[1] In his petition for rehearing, defendant argues that we mistakenly relied on *Totah*, 192 Ill. App. 3d 239, for the proposition that a defendant's right to a jury trial is not revived after a defendant withdraws a guilty plea. However, we do not cite *Totah* as affirmative support for the proposition that a subsequent jury waiver is not required after a judgment entered on a guilty plea is vacated. Rather, we cite *Totah* as

¶ 21    All of the cases cited by defendant hold that a jury waiver is effective only for a first trial and not for a retrial ordered by either the trial court or appellate court. See *Bracey*, 213 Ill. 2d 265 (holding that the written jury waiver and admonishments which occurred prior to the defendant's first trial were no longer of any effect once the first trial terminated); *Mixon*, 271 Ill. App. 3d at 1001-02 (holding that a jury waiver filed prior to the defendant's first trial applied only to the first trial and that the right of trial by jury was available to the defendant for his second trial); *Johnson*, 222 Ill. App. at 251 ("We think that the previous written waiver executed by [the defendant] prior to commencement of the first trial was exhausted after that trial had been had and a new trial awarded."). Defendant has cited no case holding that the right to a jury trial is restored when, as in the instant case, a defendant waives his right to a jury trial and later pleads guilty, the court enters a conviction, and, subsequently, the court withdraws the guilty plea and vacates the conviction. We decline defendant's invitation to extend the rule that a jury waiver is expended on a first trial to such a situation.

¶ 22    Had defendant's only jury waiver been at the time of his guilty plea, we would agree with defendant that his jury waiver was no longer effective after his guilty plea conviction was vacated. In that situation, the jury waiver would have been only in contemplation of pleading guilty. This would be more analogous to the cases cited by defendant holding that a jury waiver executed prior to a first trial is expended on that trial. In this case, however, defendant's jury waivers were unrelated to his guilty plea. His first waiver was executed toward the beginning of proceedings and the second approximately one month before defendant pled guilty. If defendant wished to have a jury trial after his guilty plea was withdrawn, he could have moved to withdraw his jury waiver. There is nothing in the trial record to suggest that defendant had any interest in a jury trial.

¶ 23    We reject defendant's reliance on *People v. McCutcheon*, 68 Ill. 2d 101 (1977), for the proposition that the vacating of a defendant's guilty plea conviction on review revives the right to a trial by jury. *Id.* at 104, 106-07. In *McCutcheon*, the defendant had previously pled guilty and the appellate court vacated the defendant's conviction. *Id.* at 104. On remand, a jury trial was held, and the defendant was convicted of the charged offenses. *Id.* While the *McCutcheon* court noted that the defendant obtained a jury trial on remand after his guilty plea conviction was vacated by the appellate court, the *McCutcheon* opinion did not mention whether the defendant waived his right to a jury trial before he initially pled guilty in the trial court. *Id.* at 104, 106-07. Unlike in the instant case, the question of whether a prior jury waiver was still in

---

an example in support of our finding that "the well-established rule" that a jury waiver is expended on a first trial and is no longer effective for a subsequent trial (see *Bracey*, 213 Ill. 2d at 271) has not been extended to situations where, as here, an initial trial was never held.

Defendant further contends that *Totah* is distinguishable because, unlike in this case, the *Totah* court withdrew the defendant's guilty plea before a judgment of conviction was entered. *Totah* does not specify whether a judgment of conviction was entered before withdrawal of defendant's guilty plea. *Totah*, 192 Ill. App. 3d at 246. Even assuming that *Totah*'s silence on the matter implies that the court did not enter a conviction, we find the distinction to be without consequence because we have rejected defendant's argument that a conviction entered pursuant to a guilty plea is no different than a conviction entered following a trial for the purposes of determining whether a subsequent jury waiver is required.

effect after a guilty plea conviction was vacated was not at issue in *McCutcheon*. See *id.*[2] Thus, we find *McCutcheon* to be inapposite.[3]

¶ 24 Thus, we find that defendant's jury waiver prior to his guilty plea remained in effect after the trial court withdrew his guilty plea and vacated his conviction. As such, no error, plain or otherwise, occurred when the trial court failed to obtain an additional jury waiver after withdrawing defendant's guilty plea.

¶ 25                                II. Fines, Fees, and Costs

¶ 26 Defendant argues that this cause should be remanded to the trial court for proper itemization of the assessments the court is ordering defendant to pay and for entry of an order for fines, fees, and costs. The State concedes that remand is proper in this case.

¶ 27 After reviewing the record, it is unclear to us which assessments were actually imposed against defendant and who imposed them. Following his conviction for domestic battery, defendant was ordered to pay an undefined amount of court costs. The trial court did not enter a signed order enumerating said costs. Instead, the docket sheet shows that a "cost" assessment in the amount of $382 and "crim fines/costs" in the amount of $817 were assessed against defendant, presumably by the circuit clerk. "Without a sum certain set out in the judgment order, we cannot be confident regarding the specific amounts the court intended to order this defendant to pay." (Emphasis in original.) *People v. Hunter*, 2014 IL App (3d) 120552, ¶ 17. We have held that "miscalculations with regard to monetary charges are best addressed in the trial court, with both parties present." *Id.*

¶ 28 Therefore, based on the State's concession of error, we vacate all of the fines and fees previously imposed, and we remand the cause with the following directions: (1) the trial court shall expressly impose any and all fines; (2) the circuit clerk shall specifically name each individual fee imposed; (3) all of the fines and fees imposed shall be entered in a written order; (4) the written order shall not include any codes or abbreviations; (5) the written order shall provide statutory authority for each individual fine and fee imposed; and (6) the trial court shall calculate and offset the defendant's fines by the appropriate amount of $5-per-day presentence incarceration credit. See 725 ILCS 5/110-14 (West 2010).

¶ 29                                      CONCLUSION

¶ 30 For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed and remanded with directions.

¶ 31 Affirmed and remanded with directions.

---

[2]The issue on appeal in *McCutcheon* involved whether the defendant was improperly convicted after the jury trial of a charge that the State had previously nol-prossed pursuant to the prior guilty plea agreement. *McCutcheon*, 68 Ill. 2d at 105.

[3]As we have found the holding in *McCutcheon* to be inapplicable to the instant case, we find defendant's reliance on *Johnson*, 222 Ill. App. at 251-52, for the proposition that the *McCutcheon* holding applies whether a guilty plea conviction is vacated by the appellate court or the trial court to be unpersuasive.