# Illinois Official Reports

## Appellate Court

*People v. Hunter*, 2014 IL App (3d) 120552

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT D. HUNTER, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0552 |
| Filed<br>Modified upon<br>denial of rehearing | January 16, 2014<br><br>February 11, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for aggravated battery and his sentence to six years' imprisonment were affirmed on appeal and the cause was remanded to the trial court with directions to review and, if necessary, correct the costs summarized in the cost sheet and incorporate the correct amount of all financial charges into a written order identifying the amount and nature of each charge ordered by the trial court as part of defendant's sentence, since a sum certain was not set out in the trial court's judgment order. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-CF-2264; the Hon. Daniel J. Rozak, Judge, presiding. |
| Judgment | Affirmed and remanded with directions. |

| Counsel on Appeal | Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant. |
|---|---|
|  | James Glasgow, State's Attorney, of Joliet (Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion. Justices Carter and O'Brien concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant, Robert D. Hunter, was convicted of aggravated battery (720 ILCS 5/12-3.05(c) (West 2010)) and sentenced to six years' imprisonment. Defendant appeals his sentence by requesting this court to adjust the amount of certain monetary charges which the court purportedly ordered defendant to pay as part of his sentence following conviction. We affirm the judgment and remand with directions.

¶ 2                                                   FACTS

¶ 3    During the sentencing hearing conducted June 6, 2012, neither party addressed or discussed the statutory costs, fees, and assessments to be ordered by the trial court. Consequently, when sentencing defendant for the offense of aggravated battery, the court did not address or articulate any amount with respect to this defendant's financial obligations. Instead, the trial court verbally announced defendant's sentence to serve six years' imprisonment.

¶ 4    Within the next 30 days, on June 28, 2012, defendant filed a motion to reconsider this sentence, challenging only the length of his court-ordered incarceration, the only component of his punishment announced by the trial court on June 6, 2012. On July 2, 2012, the court conducted a hearing and verbally denied defendant's motion to reconsider his sentence.

¶ 5    Thereafter, the court signed a judgment, dated July 2, 2012, ordering defendant to serve six years of incarceration in the Department of Corrections and additionally ordering defendant to pay an unspecified amount of court costs. Specifically, the court order required defendant to "pay costs of prosecution herein." The judgment order also awarded defendant credit for 226 days served in presentence custody from November 20, 2011, the date of arrest, until July 2, 2012, the date of the denial of his motion to reconsider sentence.

¶ 6    The record contains a document entitled "4th REVISED CRIMINAL COST SHEET," presumably completed by the circuit clerk, itemizing 10 separate charges. The face of the preprinted cost sheet appears to indicate this preprinted form was originally drafted on June 22, 2007. The "4th REVISED CRIMINAL COST SHEET" contains a list of the court costs imposed on this defendant totaling $497, together with the statutory authority for those

- 2 -

charges. These itemized charges included $200 in "Green Sheet Fees," a $50 "Court Systems Fee," and a $25 "Violent Crime Victim Asst. Fee" (VCV fee).

¶ 7 The court did not sign the cost sheet or make any notation of record to document it actually reviewed and then imposed the costs as summarized by the clerk. The record does not indicate whether defendant received a copy of the cost sheet on July 2, 2012. On appeal, defendant requests this court to correct certain monetary charges reflected on the cost sheet.

¶ 8                                                    ANALYSIS

¶ 9 For the first time on appeal, defendant challenges $72 of the $497 in charges imposed by the court on July 2, 2012. Specifically, defendant requests the court to reduce the sheriff's fees by $5. In addition, defendant argues the $50 "Court Systems Fee" constitutes a fine that would be satisfied by applying the mandated statutory $5 credit for time defendant spent in presentence custody. Consequently, defendant argues, with the imposition of a fine in the form of a fee, the $25 VCV assessment must be reduced to $8.

¶ 10 The State argues the court systems charge is a fee, not a fine and, therefore, the VCV fee of $25 was correctly assessed. The State does not oppose a $5 reduction in the sheriff's "Green Sheet Fees."

¶ 11 At the onset, we note miscalculations in assessed costs, such as these, are frequently discovered by a defendant for the first time on appeal. Typically, when a defendant fails to address a cost issue in the trial court, defendant raises the monetary issue for the first time in this court by claiming the sentence ordered below is void, in part. It is well settled that the propriety of fines, fees, and costs imposed by the trial court are reviewed by this court *de novo* as a question of statutory interpretation. *People v. Elcock*, 396 Ill. App. 3d 524, 538 (2009).

¶ 12 Yet, defendant has not requested this court to exercise appellate jurisdiction on the basis of a void sentence; defendant simply asks this court to recalculate the financial charges imposed and modify the judgment. We are unable to do so, based on the record before us.

¶ 13 Here, the trial court failed to either itemize the costs imposed by court order or summarize the total charges due in a written order bearing the judge's signature. While the court ordered defendant to "pay costs of prosecution herein," the court did not articulate the amount of those charges. It is clear from this record, the financial charges assessed by the clerk were not questioned or addressed in defendant's motion to reconsider sentence presented to the trial court.

¶ 14 In a petition for rehearing, defendant claims this court may not consider forfeiture before reaching the issue concerning the financial component of defendant's sentence since the State remains silent on the issue of procedural default. We reject defendant's contention that a court of review may not *sua sponte* identify an issue, raised for the first time on appeal, that may not have been preserved for our review or the review of a higher court.

¶ 15 As previously stated, in our original opinion, we recognize forfeiture presents limitations on the parties, not reviewing courts. *People v. Davis*, 213 Ill. 2d 459, 470 (2004). Based on the circumstances discussed below, we elect to consider the financial consequences imposed on this defendant in the interest of maintaining a sound and uniform body of law. See *Halpin v.*

*Schultz*, 234 Ill. 2d 381, 390 (2009) (reviewing courts may look beyond considerations of forfeiture in order to maintain a sound and uniform body of precedent or where the interests of justice so require).

¶ 16        Here, the record reveals the trial court did not enter a written order assessing costs in general until July 2, 2012.[1] Thus, when defendant filed his motion to reconsider the sentence on June 28, 2012, the amount of costs had not yet been determined or included in a final, written order. Therefore, neither defendant nor the State had an opportunity to raise any issue with respect to costs as calculated by the circuit clerk on July 2, 2012.

¶ 17        Without a sum certain set out in the judgment order, we cannot be confident regarding the specific amounts the court intended to *order* this defendant to pay. Any miscalculations with regard to monetary charges are best addressed in the trial court, with both parties present. Consequently, we remand the matter to the trial court with directions to review and, if necessary, to correct the costs summarized in the clerk's cost sheet and incorporate the correct amount of all financial charges into a written order, perhaps an agreed order, identifying the amount and nature of each charge ordered by the court for payment as part of defendant's sentence in this case.

¶ 18                                CONCLUSION

¶ 19        The judgment of the circuit court of Will County is affirmed and the cause is remanded with directions.

¶ 20        Affirmed and remanded with directions.

---

[1]*In re K.S.*, 250 Ill. App. 3d 862, 863 (1993) (oral pronouncements are not final, binding, or appealable and the written judgment is the judgment of the court).