# Illinois Official Reports

## Appellate Court

---

**People v. Johnson, 2015 IL App (3d) 130431**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT L. JOHNSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0431 |
| Rule 23 order filed<br>Motion to<br>publish granted<br>Modified opinion<br>filed upon denial<br>of rehearing | June 4, 2015<br><br>July 16, 2015<br><br><br>July 16, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-CF-328; the Hon. Gerald R. Kinney, Judge, presiding. |
| Judgment | Affirmed in part, and remanded with directions. |
| Counsel on Appeal | Dimitri Golfis, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Laura E. DeMichael-Bialon, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
                        Justices Lytton and Schmidt concurred in the judgment and opinion.


                                    **OPINION**

¶ 1        Defendant, Robert L. Johnson, was convicted after a stipulated bench trial of aggravated driving while license was revoked (625 ILCS 5/6-303(a) (West 2010)). Defendant challenges the trial court's ruling on his motion to suppress, the sufficiency of the State's evidence, and the monetary consequences imposed by the court following his conviction. We affirm and remand for further proceedings.

¶ 2                                    FACTS
¶ 3        The charges arise from a traffic stop initiated by an officer who pulled defendant over for operating a motorcycle that had a tinted plastic cover on its registration plate. The superseding indictment in this case alleges defendant committed the offense of aggravated driving while license revoked (625 ILCS 5/6-303(d-2) (West 2010)) by operating a motorcycle while his driver's license was revoked for a previous violation of the statute prohibiting driving while under the influence (625 ILCS 5/11-501 (West 2010)). The superseding indictment also alleged that the instant violation was defendant's third driving while license revoked violation.

¶ 4        Defendant filed a motion to quash his arrest and suppress evidence on the grounds that there was no legal basis for the officer to initiate the traffic stop based on the characteristics of the clear plastic cover affixed to the motorcycle's registration plate.

¶ 5        At the suppression hearing, Illinois state trooper Guy Vancina testified that he initiated a traffic stop on a motorcycle being operated by defendant because he believed the motorcycle was equipped with an illegal tinted plate cover on its registration plate. Vancina "ran" defendant's information and discovered defendant's license was revoked. Vancina ticketed defendant for operating a motor vehicle without insurance and for driving while defendant's driver's license was revoked. Vancina gave defendant a warning for the registration plate cover, but ultimately placed defendant in custody for an outstanding warrant.

¶ 6        Defendant testified he was stopped by Vancina while driving Katerina Agnew's motorcycle. Defendant was familiar with the motorcycle and confirmed that there was a clear plastic cover on the motorcycle's registration plate, although defendant admitted the cover may have had a slight tint. Defendant further testified Vancina arrested him for driving while his license was revoked after Vancina ran defendant "through the system." Defense counsel made no objection to defendant's testimony regarding the status of his license.

¶ 7        Agnew testified she was the owner of the motorcycle and she let defendant take the motorcycle for a ride. Agnew had the motorcycle on consignment at this time. Agnew testified that a clear plastic cover was on the motorcycle's registration plate. The owner of the consignment shop also testified that the motorcycle had a clear plastic cover over its registration plate.

¶ 8        After hearing the evidence, the trial court denied defendant's motion to suppress. The court found the issue was "the appropriateness of the stop of [defendant] while he [was] driving a motorcycle with a clear plate cover" on the registration plate. The court concluded section

12-610.5 of the Illinois Vehicle Code (625 ILCS 5/12-610.5(a), (b) (West 2010)) prohibited the use of any type of cover on a vehicle's registration plate regardless of its tint or color. Thus, the court determined Vancina had a legal basis for initiating the traffic stop due to the clear plastic cover on the registration plate.

¶ 9 After the court denied defendant's motion to suppress, defense counsel informed the court that defendant and the State were "agreeing to proceed *** to a stipulated bench trial." Defense counsel stated that the trial court "heard the evidence of the traffic stop and the subsequent Secretary of State information that his license was suspended, revoked at the time of the stop." Defense counsel further informed the court that both parties would be waiving opening and closing statements and would be "standing on the evidence that's been presented already."

¶ 10 Based on the "evidence heard at the suppression hearing and the stipulation of the parties," the trial court found defendant guilty of aggravated driving while license was revoked. Defendant filed a motion for a judgment notwithstanding the verdict or, alternatively, a new trial while explaining the motion was filed by defense counsel to preserve the registration plate cover issue for appeal. The trial court denied the defense motion before sentencing defendant to complete 24 months' probation including 30 days in jail.

¶ 11 The trial court also signed a criminal cost sheet itemizing a total of $528 for costs, fees, and statutory fines. The criminal cost sheet, bearing the judge's signature, includes a line item charging defendant a $100 Violent Crime Victims Assistance (VCVA) fee with citation to "725 ILCS 240/10." The criminal cost sheet cost subtotal is $528. At the same time, the trial court entered a probation order requiring defendant to pay the costs calculated in the criminal cost sheet. Neither the criminal cost sheet nor the probation order includes a statutory $5 *per diem* credit for defendant's presentence incarceration.

¶ 12 ANALYSIS

¶ 13 On appeal, defendant challenges the trial court's denial of his motion to suppress, the sufficiency of the evidence, and the calculation of the monetary assessment imposed against him. The State argues the trial court properly denied the motion to suppress and the evidence was sufficient to convict defendant of the offense. The State does not contest that the trial court miscalculated defendant's monetary assessment but disputes the amount of the miscalculation.

¶ 14 We begin by considering the trial court's ruling on defendant's motion to suppress. Defendant contends the trial court misconstrued section 12-610.5 of the Vehicle Code when concluding the cover on the registration plate provided a lawful basis for the traffic stop.

¶ 15 The trial court's interpretation of a statute is reviewed *de novo*. *People v. Donoho*, 204 Ill. 2d 159, 172 (2003). At the time of the offense, section 12-610.5 of the Vehicle Code provided, in pertinent part:

> "(a) In this Section, 'registration plate cover' means any tinted, colored, painted, marked, clear, or illuminated object that is designed to:
>
>> (1) cover any of the characters of a motor vehicle's registration plate; or
>> ***
>
> (b) It shall be unlawful to operate any motor vehicle that is equipped with registration plate covers." 625 ILCS 5/12-610.5(a), (b) (West 2010).

¶ 16 When interpreting a statute, courts should not ignore the statute's plain meaning. *People v. Perry*, 224 Ill. 2d 312, 323-24 (2007). On this basis, we reject defendant's strained reliance on

the language "[i]t shall be unlawful to operate any motor vehicle that is equipped with registration plate covers" (625 ILCS 5/12-610.5(b) (West 2010)) for the proposition that the motorcycle he was operating was in compliance with the statute because it was only equipped with a single registration plate cover.

¶ 17    Instead, the statutory language is clear and unambiguous in that it prohibits any object, tinted or clear, designed to cover any of the characters of a motor vehicle's registration plate. There is no dispute that the motorcycle defendant was operating was equipped with a plastic cover on its registration plate and that the cover was placed over the characters of the motorcycle's registration plate. Thus, the plastic cover over the registration plate of the motorcycle defendant was operating, regardless of its tint or color, was prohibited under the plain meaning of the statute. Accordingly, the trial court correctly determined the officer's observations provided a legal basis to initiate the traffic stop. Consequently, we conclude the trial court correctly denied defendant's motion to suppress.

¶ 18    Next, defendant contends his aggravated driving while license revoked conviction should be reversed because the evidence at the stipulated bench trial was insufficient to prove his license was revoked at the time of the traffic stop. When a defendant challenges the sufficiency of the evidence, we view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *People v. Beauchamp*, 241 Ill. 2d 1, 8 (2011); *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224 (2009). A conviction will only be overturned where the evidence is so improbable, unsatisfactory, or inconclusive that it creates a reasonable doubt of defendant's guilt. *Beauchamp*, 241 Ill. 2d at 8.

¶ 19    In this case, defendant was charged with aggravated driving while license revoked. Under section 6-303 of the Vehicle Code, a person commits driving while license revoked when a defendant drives a motor vehicle on a highway of this State and defendant's license is revoked. 625 ILCS 5/6-303(a) (West 2010). Defendant only challenges the sufficiency of the evidence as it relates to the nature of the stipulation regarding status of his license at the time he was pulled over.

¶ 20    Notably, when informing the court that the parties agreed to proceed by way of a stipulated bench trial, defense counsel affirmatively represented to the court that the court heard the evidence at the suppression hearing revealing that defendant's license was revoked at the time of the occurrence. It is disingenuous for defendant to now come before this court and argue for the first time that the evidence was insufficient to prove his driver's license was revoked at the time of the traffic stop. Here, defense counsel affirmatively represented to the court that defendant's license was revoked at the time of the traffic stop. It is clear when defendant chose to proceed by way of stipulated bench trial that he was stipulating to the State's evidence concerning the status of his driving privileges. In addition, defendant failed to raise any argument before the trial court contesting the sufficiency of the State's evidence. We conclude based on the stipulation recited by defense counsel that the evidence was sufficient to prove all elements necessary to establish defendant was guilty of the offense of aggravated driving while license revoked.

¶ 21    Defendant's final contention on appeal is that his monetary assessments should be reduced because the trial court failed to apply the statutory $5-per-day presentence incarceration credit to offset his fines. Defendant also argues that his monetary assessments should be reduced because the trial court violated *ex post facto* principles by calculating a VCVA fee under the

law as it existed at the time of sentencing instead of applying the law as it existed at the time of the offense. The State does not contest the court miscalculated various charges but disputes the amount of the miscalculation of the VCVA fee.

¶ 22 In the absence of a concession of error by the State, recently this court has attempted to develop a consistent approach to remand monetary miscalculations to the trial courts because "[a]ny miscalculations with regard to monetary charges are best addressed in the trial court, with both parties present." *People v. Hunter*, 2014 IL App (3d) 120552, ¶ 17. It has been the position of this court that on remand the trial court should reconsider a defendant's costs in their entirety. See, *e.g.*, *People v. Dillard*, 2014 IL App (3d) 121020, ¶ 15. Accordingly, we remand the matter to the trial court with directions to review and correct any and all errors in the monetary assessments by written order. Lastly, defendant's presentence incarceration credit should be applied against any fines subject to the credit pursuant to statute or applicable case law. 725 ILCS 5/110-14 (West 2010). Additionally, defendant's VCVA fee should be calculated according to the correct version of the law. See 725 ILCS 240/10(b) (West 2010). Finally, the probation order should be amended to accurately reflect any change in the criminal cost sheet subtotal.

¶ 23                                         CONCLUSION

¶ 24 The judgment of the circuit court of Will County is affirmed in part, and remanded for further proceedings.

¶ 25 Affirmed in part, and remanded with directions.